REINHARDT, Circuit Judge,
concurring:
I agree with the majority that the district judge’s statement just prior to imposing the sentence on the defendant does not reach the level of a constitutional violation. That is the only issue regarding the judge’s conduct that Odachyan raises on appeal. Specifically, Odachyan does not raise the statutory question whether because of his statement the judge should have been disqualified under 28 U.S.C. § 144 or 28 U.S.C. § 455. For this reason, I do not consider whether the judge’s statement requires his disqualification under those statutes. Whether it does or not, however, in my view the statement was clearly improper.
Petros Odachyan, an Armenian immigrant, pled guilty to conspiracy to commit health care fraüd. At sentencing, the district judge prefaced his choice of an above- *805 guidelines sentence with the following statement:
I am in constant wonder and amazement why it is so many people come to this country seeking a better life and then prey on this government’s institutions as their own personal piggybanks and then direct the court to look at the terrible conditions from which they came as somehow an excuse or mitigating factor.
The majority is correct that this statement was likely made in response to Odachyan’s sentencing memorandum, which highlighted, as mitigating factors in sentencing, his childhood in Armenia, his brother’s death, an earthquake, food shortages, and his eventual immigration to the United States. The context does not, however, make the statement any more acceptable. On the contrary, the statement is wholly inappropriate and particularly when made in connection with the sentencing of a defendant.
First, the statement demonstrates an approach to sentencing adverse to the instruction of 18 U.S.C. § 3553. That section provides that a sentencing judge must make an individualized determination regarding the appropriate sentence for each person to come before him. It is the judge’s duty to consider the “nature and circumstances” of the specific offense and the “history and characteristics” of the particular defendant. 18 U.S.C. § 3553(a)(1); see also United States v. Barker, 771 F.2d 1362, 1365 (9th Cir.1985) (“[T]he concept of individualized sentencing is firmly entrenched in our present jurisprudence.”). The district judge’s statement in this case, far from being a signal of an individualized determination, has no purpose but to inform the defendant that his sentencer considers him to be one of those immigrants who come to this country and prey on its institutions and that the judge will sentence him in that light.
Second, the judge’s remarks are particularly inappropriate because they are directed at immigrants as a class. The remarks unjustly demean the desire of immigrants to seek a better life, belittle the hardship and persecution they may have experienced in their native land, and suggest that “so many” of them are engaged in exploiting this country’s institutions rather than contributing to them as immigrants have throughout history. See Arizona v. United States, — U.S. -, 132 S.Ct. 2492, 2510, 183 L.Ed.2d 351 (2012) (“The history of the United States is in part made of the stories, talents, and lasting contributions of those who crossed oceans and deserts to come here.”). The district judge, as an officer of the court, should avoid the appearance of stereotyping, and refrain from giving voice at sentencing hearings to his personal feelings about members of minority groups, including immigrants, and their connection with crime in general or with various types of crimes in particular. Certainly a judge should not announce those beliefs in connection with the imposition of an above-guidelines sentence.
In sum, the district judge’s statement, although not rising to the level of a constitutional violation, has no place at a sentencing hearing, both because it is contrary to the requirement that a judge sentence on an individual basis and because it lends the appearance of stereotypical thinking regarding alienage or membership in a particular racial, ethnic, or religious group. Judges should forgo making such statements at all times but especially when judging the conduct of individuals in the course of criminal proceedings.